United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| Ludin Amilcar Arias Lopez, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 25-12680-NMG |
| Patricia Hyde et. al., | ) | |
| Respondents. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In this petition for writ of habeas corpus (Docket No. 1), petitioner Ludin Amilcar Arias Lopez ("petitioner" or "Arias Lopez") contends that Patricia Hyde and other named respondents ("respondents") have refused to grant him a bond hearing. He claims he is entitled to such a hearing pursuant to 8 U.S.C. §1226(a) despite the government's contention that he was detained under §1225(b)(2). He also claims that his arrest was without a warrant and therefore unlawful. For the following reasons, the petition will be allowed and the petitioner will be released unless respondents afford him a bond hearing.

I.  **Background and Facts**

Arias Lopez is a native and citizen of Guatemala. On September 19, 2025, he encountered U.S. Immigration and Customs Enforcement ("ICE") agents outside his residence while engaging

a ride share to go to work. He was arrested without a warrant (although a warrant was issued shortly thereafter) and has since been detained at an ICE field office in Burlington, Massachusetts.

## II. Discussion

### A. Warrantless Arrest

Petitioner claims that he is entitled to release based on his warrantless arrest. Under §1226(a), aliens may be arrested and detained pursuant to a warrant issued by the Attorney General. Warrantless arrests are permitted when the arresting officer has probable cause to believe that the individual is both present in the country illegally and likely to flee before a warrant can be obtained. §1357(a)(2).

The Court finds that ICE had probable cause to perform a warrantless arrest under §1357(a)(2). During his encounter with ICE agents, petitioner revealed that he had no legal status in the United States. Based on his access to a vehicle and his unknown ties to the community at the time, the arresting officers had probable cause to believe that he would flee before a warrant could be obtained. The Court therefore finds that his arrest was lawful.

### B. Sections 1225 and 1226

Section 1225 applies to "applicants for admission" who are defined as noncitizens "present in the United States who [have]

-2-

not been admitted." §1225(a)(1).  All applicants for admission must be inspected by an immigration officer. Id. §1225(a)(3). If an officer determines that the applicant for admission is not "clearly and beyond a doubt entitled to be admitted," the applicant for admission shall be detained pending removal proceedings. §1225(b)(2)(A).  An alien detained under §1225(b)(2) may be released only if he is paroled for significant public benefit or urgent humanitarian reasons under §1182(d)(5)(A).

Section 1226(a) establishes a discretionary detention framework for aliens arrested and detained pending a removal decision. Under that provision, the Attorney General may continue to detain the alien, release him on bond or release him on parole. §1226(a)(1) and (2).  The arresting immigration officer makes an initial custody determination but non-citizens have the right to request a custody redetermination (i.e., bond) hearing before an immigration judge. See 8 C.F.R. §1236.1(c)(8) and (d)(1).

On September 5, 2025, the Board of Immigration Appeals ("BIA") found that all aliens present in the United States without permission are to be considered "applicants for admission" under §1225 and therefore subject to the mandatory detention scheme of that section of the statute. Matter of Jonathan Javier Yajure Hurtado, Respondent, 29 I. & N. Dec. 216

(BIA 2025). The BIA purportedly based that decision upon the plain language and legislative history of §1225.

The government contends that petitioner is being held pursuant to §1225(b)(2) and is therefore subject to mandatory detention. It asserts that, based on Matter of Hurtado, immigration judges are without authority to hold bond hearings for aliens such as the petitioner. The petitioner responds that his detention is pursuant to §1226(a) and that he is therefore entitled to a bond hearing.

Recently, other sessions of this Court have found that §1226(a), rather than §1225(b)(2), applies to aliens who are detained while residing in the United States. See Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, 2025 WL 2809996, at *6 (D. Mass. Oct. 3, 2025); Gomes v. Hyde, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025); Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924, at *7 (D. Mass. Sept. 9, 2025). Furthermore, the United States Supreme Court has held that, whereas §1225(b) authorizes the Government to detain certain aliens seeking admission into the country, §1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).[1]

---

[1] Although the BIA may have found otherwise in Matter of Hurtado, this Court is compelled to exercise independent judgment as to whether an agency has acted

This Court agrees with petitioner that, as an alien who is already residing in this country, his ongoing detention is subject to the discretionary release framework governed by §1226(a). He is therefore entitled to a meaningful bond hearing as described in Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021)(finding that a continued detention under §1226(a) requires the government either 1) to prove by clear and convincing evidence that petitioner poses a danger to the community or (2) to prove by a preponderance of the evidence that petitioner poses a flight risk).

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs the government to release Arias Lopez unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara within seven days of the date of this order.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 24, 2025

---

within its statutory authority. Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412, (2024).